**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMSUNG E&C AMERICA, INC., Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BRANDSAFWAY LLC, Defendant.** | § | **Case No.** 26-cv-3124 |
| | § | |

**DEFENDANT BRANDSAFWAY LLC'S NOTICE OF REMOVAL**

Defendant BrandSafway LLC ("BrandSafway") removes this civil action based on diversity jurisdiction. BrandSafway, the only properly joined defendant, is diverse in citizenship from Plaintiff, and this notice is filed within 30 days of receiving a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## PROCEDURAL BACKGROUND

1. Plaintiff Samsung E&C America, Inc. ("Plaintiff") filed this action on October 16, 2026, against BrandSafway, in the 459th Judicial District Court of Travis County, Texas. That case was docketed under cause number D-1-GN-26-010428 (the "State Court Action").

2. The State Court Action consists of an Application for Order Compelling Compliance with Arbitration Subpoena to BrandSafway (the "Application"). Attached hereto as **Exhibit A** is a copy of the Application.

3. The Application also consists of exhibits which include a Declaration, First Amended Case Management Order, the Subpoena Duces Tecum to BrandSafway, and email correspondence

between counsel for Plaintiff and BrandSafway. Attached hereto as **Exhibit B** is a copy of the exhibits attached to the Application.

4. On October 30, 2026, Plaintiff filed its Notice of Hearing which set a hearing in the 459th Judicial District Court of Travis County, Texas for November 10, 2026. Attached hereto as **Exhibit C** is a copy of the Notice of Hearing.

5. BrandSafway timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to remove the State Court Action from the 459th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

**NATURE OF THE SUIT**

6. Plaintiff's Application arises out of an arbitration proceeding captioned *Samsung E&C America, Inc. v. W.G. Yates & Sons Construction Company et al.*, pending before the American Arbitration Association, Case No. 01 25 0003 0886 (the "Arbitration").

7. The Arbitration arises out of the alleged failures of W.G. Yates & Sons Construction Company ("Yates") in the planning, execution, and management of its core and shell construction work for a fabrication building at Plaintiff's semiconductor plant in Taylor, Texas (the "Project"). *See* **Exhibit A** at ¶ 3.

8. On November 20, 2025, BrandSafway was made a third-party respondent to the Arbitration by Yates. *See id.* at ¶ 4.

9. On June 17, 2026, Yates voluntarily dismissed its claims against BrandSafway without prejudice, removing BrandSafway from the Arbitration as BrandSafway's performance of its work on the Project was not at issue in the Arbitration. *See id.* at ¶ 6.

10. Plaintiff admits that BrandSafway is a non-party to the Arbitration. *See id.* at ¶ 6.

11. Nonetheless, Plaintiff alleges that BrandSafway possesses information that is critical to the

resolution of the Arbitration claims. *See id*.

12. Thereafter, Plaintiff obtained an arbitral subpoena duces tecum from the Arbitration panel on September 7, 2026 requiring BrandSafway to respond to requests for production. *See id*. at ¶ 8.

13. Plaintiff then filed its Application in the State Court Action seeking to obtain production of documents from BrandSafway, a non-party to the Arbitration, on October 16, 2026.

**BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

14. This matter is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

***Amount in Controversy***

15. For this case to be removable based on diversity of citizenship, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To analyze whether a removing party has met its burden to satisfy the amount in controversy, the court first looks to the plaintiff's state-court petition or the defendant's notice of removal to determine the amount in controversy. If the plaintiff's state-court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). But when, as here, the plaintiff's state-court petition does not demand relief of a stated sum, the court looks to the defendant's notice of removal. *Id*. The notice of removal must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.

16. Although this matter involves discovery sought under Texas law in the underlying Arbitration, in the area of "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v.*

*Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003); *In re Jet Homeloans Ventures, LLC*, No. 3:21-cv-2214-D, 2021 U.S. Dist. LEXIS 238440, at **7-13 (N.D. Tex. Dec. 14, 2021); *Certified Laboratories v. Momar, Inc.*, No. 3:22-mc-60-K-BN, 2022 U.S. Dist. LEXIS 170568, at **9-10 (N.D. Tex. Aug. 16, 2022); *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (holding that the amount in controversy was satisfied when the removing party stated that the value of the documents sought "exceeds the sum or value of $75,000" and that if the documents were even a small percent of the potential $134 million arbitral award the amount in controversy would be satisfied).

17. Here, the value of the documents sought by Plaintiff exceeds the sum or value of $75,000.

18. In its Application, Plaintiff argues that BrandSafway "possesses information that is critical to the resolution of the Arbitration claims, which involve the liability and apportionment of fault for construction delays, deficient work, and Yates' actual or constructive knowledge of the alleged deficiencies in the work performed by Yates and its subcontractors." Exhibit A at ¶ 7.

19. Moreover, Plaintiff affirmatively pleads that "BrandSafway performed significant work at the project site as Yates' scaffolding and platform subcontractor, beginning January 10, 2023. In connection with the performance of its scope of work, **BrandSafway submitted invoices on the project totaling more than $8 million**." *Id.* at ¶ 5 (emphasis added).

20. In its Subpoena, Plaintiff specifically requests that BrandSafway produce all documents and communications concerning "Yates's $8,142,192.93 invoice for Construction Support Services" (Request No. 2) and "[d]ocuments sufficient to identify and explain the scope increases that caused the total invoiced amount to exceed $8,000,000" (Request No. 12). A copy of the Subpoena is attached hereto as **Exhibit D**.

21. Therefore, the face of Plaintiff's Application itself makes explicitly apparent that the amount in controversy (measured by the value of the object of the litigation: the documents at issue in its Application and Subpoena) (*see Certified Laboratories*, 2022 U.S. Dist. LEXIS 170568, at *9) exceeds the $75,000 threshold.

22. Moreover, BrandSafway attests that the invoices allegedly responsive to Plaintiff's Subpoena, document requests, and Application, total well in excess of $75,000. A copy of the Declaration of Richard D. Kalson, dated November 5, 2026, is attached hereto as **Exhibit E**.

***Diversity of Citizenship***

23. There is complete diversity between Plaintiff and BrandSafway.

24. At the time the State Court Action was commenced, Plaintiff was and still is a resident and citizen of Texas. *See* **Exhibit A** at ¶ 1.

25. BrandSafway is a Delaware limited liability company whose principal place of business is in Georgia. BrandSafway's sole member is Brand Industrial Projects LLC, which is a Delaware limited liability company whose principal place of business is in Georgia. Brand Industrial Projects LLC's sole member is Brand Shared Services LLC, which is a Delaware limited liability company whose principal place of business is in Georgia. Brand Shared Services LLC's sole member is Brand Industrial Services, Inc., which is a Delaware corporation whose principal place of business is in Georgia. BrandSafway is therefore a citizen of Delaware and Georgia for diversity purposes. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

26. Therefore, there is complete diversity between Plaintiff and BrandSafway.

***Removal is timely***

27. This Notice of Removal is timely as it comes fewer than "thirty days after receipt by

the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). BrandSafway was served with Plaintiff's Application on October 21, 2026. A copy of the service accepted by BrandSafway is attached hereto as **Exhibit F**.

**REMOVAL IS PROCEDURALLY CORRECT**

28. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

29. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibits A, B, and C**. The State Court Docket Sheet is also attached hereto as **Exhibit G**.

30. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of BrandSafway's Notice of Removal will be promptly given to all parties and to the clerk of the 459th Judicial District Court of Travis County, Texas.

**PRAYER**

31. BrandSafway respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. BrandSafway also requests any additional relief for which it may show itself justly entitled.

Respectfully submitted,

*/s/ Ryan S. Jones*

Ryan S. Jones
State Bar No. 24094343
ryanjones@cozen.com
**COZEN O'CONNOR P.C.**
1717 Main Street, Suite 3100
Dallas, Texas 75201
Telephone: (214) 462-3148
Facsimile: (972) 865-7921

**RICHARD D. KALSON**
*Pro Hac Vice Application Forthcoming*
rkalson@cozen.com
**COZEN O'CONNOR P.C.**
3 WTC, 175 Greenwich St., 55th Floor
New York, New York 10007
Telephone: (212) 908-1399

**COUNSEL FOR BRANDSAFWAY LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2026, a true and correct copy of the foregoing document was served via e-service to the following:

Mike Stenglein
Texas Bar No. 00791729
Matt Vandenberg
Texas Bar No. 24079501
Brian Kay
Texas Bar No. 24131427
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000
E-mail: mstenglein@kslaw.com
E-mail: mvandenberg@kslaw.com
E-mail: bkay@kslaw.com

**COUNSEL FOR SAMSUNG E&C AMERICA, INC.**

*/s/ Ryan S. Jones*
Ryan S. Jones